**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                                 **14-CR-26(S)**

         **-v-**

**WILLIAM JEFFERSON,**
                **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. #2.

## PRELIMINARY STATEMENT

The defendant, William Jefferson ("the defendant"), is charged in a Second Superseding Indictment, along with eight co-defendants, with having violated Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute 28 grams or more of cocaine base) (Count 1). Dkt. #33. Defendant Jefferson filed an omnibus discovery motion on June 5, 2015. Dkt. #157. The government filed its opposition to the instant motion, as well as a cross motion for discovery on June 19, 2015. Dkt. #160. Oral argument on defendant Jefferson's motion was held on July 7, 2015. At that time, counsel for the parties requested that the Court hold the defendant's motions in abeyance until July 28, 2015 to allow the parties

additional time to engage in plea negotiations. Accordingly, this Court took the defendant's pre-trial motions under advisement as of July 28, 2015.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

In response to defendant Jefferson's request for a detailed bill of particulars, the government states that defendant's request for particularization should be denied because the defendant has failed to articulate any facts upon which the Court could conclude that the defendant has met his burden of establishing need. Dkt. #160, p.8. In addition, the government maintains that it "has also provided the defendant with copies of the intercepted wire communications, FBI 302s detailing seizures made during the investigation, wiretap applications and affidavits and search warrant affidavits. In light of this information, the other discovery provided to the defense, and the straight-forward nature of the case, there is no need for a bill of particulars." *Id.*

The defendant's request is denied. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989);

> see also United States v. Leonelli, 428 F. Supp. 880, 882
> (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests
> within the sound discretion of the district court." United
> States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> United States v. Burgin, 621 F.2d 1352, 1358-59 (5th Cir.),
> cert. denied, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); see also [United States v.] Bortnovsky, 820 F.2d
> [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary
> detail is not the function of the bill of particulars." Hemphill v.
> United States, 392 F.2d 45, 49 (8th Cir.), cert. denied, 393
> U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir.), cert. denied, 543 U.S. 994 (2004); United States v. Porter, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), cert. denied, 128 S.Ct. 1690 (2008).

### *Giglio* and *Brady* Material

The government has stated that it is aware of its disclosure obligations and responsibilities under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases and has agreed to provide impeachment *Brady* material in accordance with the schedule set by the trial court prior to trial and no later than when the government produces and delivers the *Jencks* Act material in this case. Dkt. #160, p.13. As a result of these representations, the defendant's request for such materials, *i.e., Brady* and *Giglio* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

3

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa,* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa,* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### *Jencks* Act Material

By his request, defendant Jefferson seeks the early disclosure of *Jencks* Act material, not less than forty-eight hours prior to the trial. Dkt. #157, 5. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). In its response, the government consents to provide *Jencks* Act material one week prior to the commencement of the trial. Dkt. #160, p.10. As a result of these representations, the defendant's request for *Jencks* Act material, is denied as moot.

**Identity of Informants**

The defendant requests that the government be directed to disclose the identity of the confidential informants involved in this matter. Dkt. #157, pp.6-7. Alternatively, in the event that this Court denies the defendant's request, the defendant requests that this Court conduct an *in camera* review of the materials "to evaluate the competing interests in such disclosure." *Id*. In its response, the government argues pursuant to *Roviaro,* that the law recognizes a privilege to withhold the identities and backgrounds of confidential informants because "it recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, the privilege must give way when, "the disclosure of an informant's identity, or the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to the fair determination of a cause." *Id*. at 60-61. Here, the government argues that the defendant's burden is heightened because of the drug-related nature of the case, the significant amount of narcotics and money involved in this case. Dkt. #160, pp.10-11. Indeed, the government concludes that the defendant has not satisfied his burden of showing a particularized need for the disclosure of the informants' identities. *Id*. at p.11.

The Court agrees that the defendant has failed to carry his burden and demonstrate "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second

Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to

> the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is denied.

**Discovery**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the defendant seeks the disclosure of the following: any statements of the defendant; any statements of co-defendants or co-conspirators; names and address of all witnesses; names of all law enforcement personnel present when the defendant was arrested,

questioned or when any search was executed; any photographs; any audio or video tapes or electronic recordings; police reports, notes or memoranda; and all items seized on the day of defendant's arrest; the names and identities of expert witnesses; any documents concerning chemical testing or analysis.  Dkt. #157, pp.7-14.

In its response, the government states, "[i]n the instant case, the government represents that it has provided all discovery required under Rule 16 or has made such discovery available to inspection by defense counsel.  The government has also permitted the defense to inspect other documents in the possession of the government.  The government is aware of its obligation to provide continuing Rule 16 discovery if and when such becomes known to the government, and agrees to comply with this requirement."  Dkt. #160, p.15.  Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Disclosure of 404(b) Evidence**

In response to the defendant's request for the disclosure pursuant to Federal Rules of Evidence 404(b), the government states that "[t]he government will provide notice of such information to the defense, pursuant to the District Court's scheduling order."  Dkt. #160, p.15.  Rule 404(b) of the Federal Rules of Evidence only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added).  Based on the representations made by the government concerning its intention to supply the requested information consistent with the trial court's scheduling order,

defendant's request on this issue is denied as being moot. The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

**Joinder**

By this request, the defendant seeks to join in any and all of the motions submitted by co-defendant's that apply to defendant Jefferson's case. Dkt. #157, p.18. This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in their motion in which this defendant joins, shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #160, p.20. The government has requested that the defendant permit it to inspect and copy books, papers, documents, photographs and tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. *Id.* In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. *Id.* Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar

materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to**

10

**comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED: September 18, 2015
             Buffalo, New York

                                       *s/ H. Kenneth Schroeder, Jr.*
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**